ORIGINAL

FILED
MAY 2 7 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

---

**GARDEN CITY BOXING CLUB, INC.,** is a
California corporation with its principal place
of business located at 2380 So. Bascom Avenue,
Suite 200, Campbell, CA 95008., as Broadcast
Licensee of the **June 8, 2002 Lewis/Tyson**
Program,

        Plaintiff,

-against-

RAHEB ABDUL-KHALEK, Individually, and as an
officer, director, shareholder and/or principal of A.K.
FOODS, INC. d/b/a OLLIE'S TROLLEY
RESTAURANT a/k/a OLLIE'S & CLICKS a/k/a
CLICKS, and A.K. FOODS, INC. d/b/a OLLIE'S
TROLLEY RESTAURANT a/k/a OLLIE'S &
CLICKS a/k/a CLICKS;

        Defendants.

---

**COMPLAINT**

Civil Case No.



CASE NUMBER  1:05CV01077
JUDGE: Royce C. Lamberth
DECK TYPE: General Civil
DATE STAMP: 05/27/2005

 

Plaintiff, **GARDEN CITY BOXING CLUB, INC.,** by their attorneys, LONSTEIN

LAW OFFICE, P.C. complaining of the defendants herein respectfully sets forth and alleges,

upon information and belief, as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 47 U.S.C. §§ 553, 605, et seq.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C.

Section 1331, which states that the district courts shall have original jurisdiction of all civil

-1-

actions arising under the Constitution, laws, or treaties of the United States.

3. Upon information and belief, venue is proper in this court because, inter alia, all defendants reside within the District of Columbia (28 U.S.C. § 1391(b) and 28 U.S.C. §88).

4. This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length. The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the control of the plaintiff in the District of Columbia.

## THE PARTIES

5.. The plaintiff, **GARDEN CITY BOXING CLUB, INC.**, is a California corporation with its principal place of business located at 2380 So. Bascom Avenue, Suite 200, Campbell, CA 95008.

6. Upon information and belief the defendant, RAHEB ABDUL-KHALEK, resides at 4010 Foreston Road, Beltsville, MD 20705-2810.

7. Upon information and belief, the defendant, A.K. FOODS, INC. d/b/a OLLIE'S TROLLEY RESTAURANT a/k/a OLLIE'S & CLICKS a/k/a CLICKS, is a business entity, the exact nature of which is unknown, having its principal place of business at 1426 L St. NW, Washington, DC 20005-3503, and also shows an address for the corporation of 4010 Foreston Road, Beltsville, MD 20705-2810.

8. Upon information and belief, the defendant, A.K. FOODS, INC. d/b/a OLLIE'S TROLLEY RESTAURANT a/k/a OLLIE'S & CLICKS a/k/a CLICKS, is a Domestic

Corporation, incorporated and licensed to do business in the District of Columbia.

9. Upon information and belief, the defendant, A.K. FOODS, INC. d/b/a OLLIE'S TROLLEY RESTAURANT a/k/a OLLIE'S & CLICKS a/k/a CLICKS, is a partnership licensed to do business in the District of Columbia.

10. Upon information and belief, the defendant, A.K. FOODS, INC. d/b/a OLLIE'S TROLLEY RESTAURANT a/k/a OLLIE'S & CLICKS a/k/a CLICKS, is a sole proprietorship licensed to do business in the District of Columbia.

### COUNT I

11. Plaintiff, **GARDEN CITY BOXING CLUB, INC.**, hereby incorporates by reference all of the allegations contained in paragraphs "1" through "10," inclusive, as though set forth herein at length.

12. By contract, plaintiff, **GARDEN CITY BOXING CLUB, INC.**, was granted the right to distribute the **Lewis/Tyson** program (this includes all undercard bouts and the entire television broadcast) scheduled for **June 8, 2002** via closed circuit television and via encrypted satellite signal. Said event originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

13. Pursuant to the contract, plaintiff, **GARDEN CITY BOXING CLUB, INC.**, entered into subsequent agreements with various entities in the District of Columbia, allowing them to publicly exhibit the Program to their patrons.

14. Plaintiff, **GARDEN CITY BOXING CLUB, INC.**, expended substantial monies

in consideration of the aforementioned agreement to transmit the Program to those entities in the District of Columbia, which in turn, entered into agreements with plaintiff, **GARDEN CITY BOXING CLUB, INC.,** to exhibit the Program to their patrons.

15. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

16. Upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

17. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff, **GARDEN CITY BOXING CLUB, INC.,** had the distribution rights thereto.

18. By reason of the aforementioned conduct, the aforementioned defendants willfully violated 47 U.S.C. §605 (a).

19. By reason of the aforementioned defendants' violation of 47 U.S.C. §605 (a), plaintiff, **GARDEN CITY BOXING CLUB, INC.,** has a private right of action pursuant to 47 U.S.C. §605.

20. As a result of the aforementioned defendants' willful violation of 47 U.S.C. §605 (a), plaintiff, **GARDEN CITY BOXING CLUB, INC.,** is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each defendant.

21. Pursuant to 47 U.S.C. §605, plaintiff, **GARDEN CITY BOXING CLUB, INC.,** is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

22. Plaintiff hereby incorporates paragraphs "1" through "21," inclusive, as though fully set forth herein.

23. Upon information and belief, defendants and/or their agents, servants, workmen or employees, and each of them knowingly, modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

24. 47 U.S.C. §605 (e)(4) prohibits the modification or utilization of a device or equipment knowing or having reason to know that it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services, such as the transmission for which plaintiff, **GARDEN CITY BOXING CLUB, INC.,** had the distribution rights thereto, or is intended for any other activity prohibited under 47 U.S.C. §605 (a).

25. By reason of the aforementioned conduct, each of the aforementioned defendant's violation of 47 U.S.C. §605, plaintiff, **GARDEN CITY BOXING CLUB, INC.,** has a private

right of action pursuant to 47 U.S.C. §605.

26. As a result of the aforementioned defendants' violation of 47 U.S.C. §605 (e)(4), plaintiff, **GARDEN CITY BOXING CLUB, INC.,** is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) of up to $100,000.00 as to each defendant.

27. Pursuant to 47 U.S.C. §605, plaintiff, **GARDEN CITY BOXING CLUB, INC.,** is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT III

28. Plaintiff hereby incorporates paragraphs "1" through "27," inclusive, as though fully set forth herein at length.

29. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

30. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff, **GARDEN CITY BOXING CLUB, INC.,** had the distribution rights thereto.

31. Upon information and belief, the defendants individually, willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

32. By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

33. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages in an amount up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## INJUNCTION

34. Upon information and belief, unless restrained by this Court, the defendants will continue to violate 47 U.S.C. 553 et seq. and 47 U.S.C. 605 et seq. Moreover, the defendants knew or should have known the unauthorized exhibition of licensed events in a commercial establishment is illegal. Such violations of the Communications Act have caused and will continue to cause Plaintiff irreparable harm. Plaintiff cannot practicably determine the amount of lost revenues resulting from defendant's unlawful conduct. In addition to diminishing Plaintiff revenues, the defendants' unlawful conduct injures Plaintiff's reputation and goodwill, its ability to attract and finance the future acquisition of quality services, and further impairs its ability to enhance its future growth and profitability. Furthermore, the political subdivisions of the District of Columbia in which Plaintiff licenses events lose franchise fees as a direct result of defendants' misconduct.

35. Plaintiff has no adequate remedy at law to redress the defendants' violations of 47 U.S.C. 553 and 605.

WHEREFORE, the plaintiff, **GARDEN CITY BOXING CLUB, INC.**, requests that judgment and an injunction be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

(a) Declare that defendant's unauthorized exhibition of the June 8, 2002,

Lewis/Tyson Program violated the Federal Communications Act and that such violations were committed willfully and for purposes of defendants' direct or indirect commercial advantage or for private financial gain.

(b) On the first cause of action, statutory penalties in the amount of $110,000.00 as to each defendant for their willful violation of 47 U.S.C. §605 (a);

(c) On the second cause of action, statutory penalties in the amount of $100,000.00 as to each defendant for their violation of 47 U.S.C. §605 (e)(4);

(d) On the third cause of action, statutory penalties in the amount of $60,000.00 as to each defendant for their violation of 47 U.S.C. §553;

(e) In accordance with the Federal Communications Act enjoin defendants, their agents, servants, employees, affiliated business entities, successors, assigns, and any entities or persons controlled directly or indirectly by them or acting on their behalf from the unlawful exhibition of licensed events, from aiding and abetting or engaging in the interception, divulgence, reception, or display of closed circuit television programming of Plaintiff and from connecting, attaching, splicing into, tampering with or in any way obtaining Plaintiffs closed circuit signal with plaintiff's express authorization.

(f) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e) (3) (B) (iii) and §553 (c) (2)(C), together with such other and further relief as this Court may deem just and proper.

Dated: May 24, 2005
       Ellenville, New York

                                     **GARDEN CITY BOXING CLUB, INC.**

By _____
          Margaret J. Boeringer, Esq.
          Bar Roll No. 479318
          Attorney for Plaintiff
          Lonstein Law Office, P.C.
          Office and P.O. Address
          1 Terrace Hill : P.O. Box 351
          Ellenville, NY 12428
          Telephone: (845) 647-8500
          Facsimile: (845) 647-6277
          *Our File No. 02-1DC-01R*