Communications Act of 1934
§ 628

"(2) The term 'satellite cable programming vendor' means a person engaged in the production, creation, or wholesale distribution for sale of satellite cable programming, but does not include a satellite broadcast programming vendor.

"(3) The term 'satellite broadcast programming' means broadcast video programming when such programming is retransmitted by satellite and the entity retransmitting such programming is not the broadcaster or an entity performing such retransmission on behalf of and with the specific consent of the broadcaster.

"(4) The term 'satellite broadcast programming vendor' means a fixed service satellite carrier that provides service pursuant to section 119 of title 17, United States Code, with respect to satellite broadcast programming.

"PART IV—MISCELLANEOUS PROVISIONS

"PROTECTION OF SUBSCRIBER PRIVACY

"SEC. 631. (a)(1) At the time of entering into an agreement to provide any cable service or other service to a subscriber and at least once a year thereafter, a cable operator shall provide notice in the form of a separate, written statement to such subscriber which clearly and conspicuously informs the subscriber of—

"(A) the nature of personally identifiable information collected or to be collected with respect to the subscriber and the nature of the use of such information;

"(B) the nature, frequency, and purpose of any disclosure which may be made of such information, including an identification of the types of persons to whom the disclosure may be made;

"(C) the period during which such information will be maintained by the cable operator;

"(D) the times and place at which the subscriber may have access to such information in accordance with subsection (d); and

"(E) the limitations provided by this section with respect to the collection and disclosure of information by a cable operator and the right of the subscriber under subsections (f) and (h) to enforce such limitations.

In the case of subscribers who have entered into such an agreement before the effective date of this section, such notice shall be provided within 180 days of such date and at least once a year thereafter.

"(2) For purposes of this section, the term 'personally identifiable information' does not include any record of aggregate data which does not identify particular persons.

"(2) For purposes of this section, other than subsection (h)—

"(A) the term 'personally identifiable information' does not include any record of aggregate data which does not identify particular persons;

"(B) the term 'other service' includes any wire or radio communications service provided using any of the facilities of a cable operator that are used in the provision of cable service; and

"(C) the term 'cable operator' includes, in addition to persons within the definition of cable operator in section 602, any person who (i) is owned or controlled by, or under common ownership or control with, a cable operator, and (ii) provides any wire or radio communications service.

A-48

Communications Act of 1934
S 631

"(b)(1) Except as provided in paragraph (2), a cable operator shall not use the cable system to collect personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned.

"(2) A cable operator may use the cable system to collect such information in order to—

"(A) obtain information necessary to render a cable service or other service provided by the cable operator to the subscriber; or

"(B) detect unauthorized reception of cable communications.

"(c)(1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned. *and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator".*

"(2) A cable operator may disclose such information if the disclosure is—

"(A) necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber;

"(B) subject to subsection (h), made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed; or

"(C) a disclosure of the names and addresses of subscribers to any cable service or other service, if—

"(i) the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure, and

"(ii) the disclosure does not reveal, directly or indirectly, the—

"(I) extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator, or

"(II) the nature of any transaction made by the subscriber over the cable system of the cable operator.

"(d) A cable subscriber shall be provided access to all personally identifiable information regarding that subscriber which is collected and maintained by a cable operator. Such information shall be made available to the subscriber at reasonable times and at a convenient place designated by such cable operator. A cable subscriber shall be provided reasonable opportunity to correct any error in such information.

"(e) A cable operator shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to such information under subsection (d) or pursuant to a court order.

"(f)(1) Any person aggrieved by any act of a cable operator in violation of this section may bring a civil action in a United States district court.

"(2) The court may award—

"(A) actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;

"(B) punitive damages; and

"(C) reasonable attorneys' fees and other litigation costs reasonably incurred.

A-49



Communications Act of 1934
S 631

"(3) The remedy provided by this section shall be in addition to any other lawful remedy available to a cable subscriber.

"(g) Nothing in this title shall be construed to prohibit any State or any franchising authority from enacting or enforcing laws consistent with this section for the protection of subscriber privacy.

"(h) A governmental entity may obtain personally identifiable information concerning a cable subscriber pursuant to a court order only if, in the court proceeding relevant to such court order—

"(1) such entity offers clear and convincing evidence that the subject of the information is reasonably suspected of engaging in criminal activity and that the information sought would be material evidence in the case; and

"(2) the subject of the information is afforded the opportunity to appear and contest such entity's claim.

---

"CONSUMER PROTECTION

"SEC. 632. (a) A franchising authority may require, as part of a franchise (including a franchise renewal, subject to section 626), provisions for enforcement of—

"(1) customer service requirements of the cable operator; and

"(2) construction schedules and other construction-related requirements of the cable operator.

"(b) A franchising authority may enforce any provision, contained in any franchise, relating to requirements described in paragraph (1) or (2) of subsection (a), to the extent not inconsistent with this title.

"(c) Nothing in this title shall be construed to prohibit any State or any franchising authority from enacting or enforcing any consumer protection law, to the extent not inconsistent with this title.

---

*CONSUMER PROTECTION AND CUSTOMER SERVICE.*

"SEC. 632. (a) FRANCHISING AUTHORITY ENFORCEMENT.—*A franchising authority may establish and enforce—*

"(1) *customer service requirements of the cable operator; and*

"(2) *construction schedules and other construction-related requirements, including construction-related performance requirements, of the cable operator.*

"(b) COMMISSION STANDARDS.—*The Commission shall, within 180 days of enactment of the Cable Television Consumer Protection and Competition Act of 1992, establish standards by which cable operators may fulfill their customer service requirements. Such standards shall include, at a minimum, requirements governing—*

"(1) *cable system office hours and telephone availability;*

"(2) *installations, outages, and service calls; and*

"(3) *communications between the cable operator and the subscriber (including standards governing bills and refunds).*

"(c) CONSUMER PROTECTION LAWS AND CUSTOMER SERVICE AGREEMENTS.—

"(1) CONSUMER PROTECTION LAWS.—*Nothing in this title shall be construed to prohibit any State or any franchising authority from enacting or enforcing any consumer protection law, to the extent not specifically preempted by this title.*