UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

----------------------------------------------------------------

**GARDEN CITY BOXING CLUB, INC., is a
California corporation with its principal place
of business located at 2380 So. Bascom Avenue,
Suite 200, Campbell, CA 95008.,** as Broadcast
Licensee of the **June 8, 2002 Lewis/Tyson**
Program,

                            Plaintiff,                                     Civil Case No. 1-05-CV-1077-RCL

      -against-

RAHEB ABDUL-KHALEK, Individually, and as an
officer, director, shareholder and/or principal of A.K.
FOODS, INC. d/b/aOLLIE'S TROLLEY
RESTAURANT a/k/a OLLIE'S & CLICKS a/k/a
CLICKS, and A.K. FOODS, INC. d/b/aOLLIE'S
TROLLEY RESTAURANT a/k/a OLLIE'S &
CLICKS a/k/a CLICKS;

                            Defendants.

----------------------------------------------------------------

## PRE-TRIAL STATEMENT

1.      **The names, addresses (including firm names), and telephone and fax numbers of
trial counsel.**

    For Plaintiff:                           :

    Wayne D. Lonstein, Esq.
    Julie Cohen Lonstein, Esq.
    Lonstein Law Office, P.C.
    1 Terrace Hill; P.O. Box 351
    Ellenville, NY  12428
    Telephone: 845-647-8500
    Facsimile:  845-647-6277

    Herbert A. Rosenthal, Esq.
    Local Counsel for Plaintiff
    1020-19th Street, NW, #400
    Washington, DC 20036-6101
    Facsimile: 202-659-3526
    Telephone: 202-785-9773

For Defendants:

Ellis J. Koch, Esq.
The Law Offices of Ellis J. Koch
5904 Hubbard Drive
Rockville, MD 20852
Facsimile: 301-881-9465
Telephone:301-231-9480

**2.     A brief statement by plaintiff as to the basis of subject matter jurisdiction.**

This action is brought pursuant to 47 U.S.C. §553 and §605, *et seq.* This Court has

jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1331, which states that

the District Courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States. This Court has personal jurisdiction over the

parties in this action as a result of the Defendants' wrongful acts hereinafter complained of

which violated Plaintiff's rights as distributor of the transmission signal of the **June 8, 2002**

**Lewis/Tyson**, boxing Program. The Defendants' wrongful acts consisted of the interception

exhibition of said property of Plaintiff. The matter in controversy is between citizens of different

states and it exceeds the sum value of $110,000.00, exclusive of interest and costs.

**3.     A brief summary by Plaintiff of the nature of claim.**

Plaintiff 's claim against the Defendants is for the unauthorized showing of a portion of

the June 8, 2002 Lewis/Tyson Program at Defendants establishment located at at1426 L St NW

Washington, DC 20005-3503. Defendant Raheb Abdul-Khalek is the Chief Executive Officer

of said establishment.

Plaintiff owns the exclusive distribution rights to sell the rights to exhibit the June 8, 2002

Lewis/Tyson Program to commercial establishments.  Defendants, A. K Foods, Inc., d/b/a

Ollie's Trolley Restaurant a/k/a Ollie's and Click's a/k/a Clicks, a commercial establishment in

which, Raheb Abdul-Khalek was a principal, did not purchase the license rights from Plaintiff to

exhibit the Event, but without legal authorization, exhibited said fight in his commercial

establishment.

On June 8, 2002, an auditor entered Defendant establishment and verified a portion of

the Lewis/Tyson broadcast being shown.

### Good Faith Estimate of Specific Dollar Valuations of Damages Claimed :

Plaintiff is seeking  Statutory Damages, under 47 U.S.C. §605 (e) (3) ( C ) (I) (II)of up to

$100, 000, with full costs, interest and reasonable attorney's fees ( **as authorized by the**

**statute)**   therefore, a specific dollar valuation of damages cannot be computed

### Legal Argument as to Defendants Liability:

By contract, Plaintiff, was granted the right to distribute the Lewis/Tyson program,

including all undercard bouts and the entire television broadcast, scheduled for June 8, 2002, via

closed circuit television and via encrypted satellite signal.   Pursuant to the contract, Plaintiff

entered into subsequent agreements with various commercial entities in the District of

Columbia, allowing them to publicly exhibit the Program to their patrons.  Plaintiff  expended

substantial monies in consideration of the aforementioned agreement to transmit the

Lewis/Tyson  event to those entities in the District of Columbia, which,  in turn, entered into

agreements with Plaintiff to exhibit the event to their patrons.

-3-

Plaintiff's contention is that Defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Lewis/Tyson event at their commercial establishments at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain in violation of 47 U.S.C. §605 and §553, which provide for statutory damages for the illegal reception and exhibition of the event.

The piracy statutes prohibit the unauthorized interception of subscription television scrambled signals. ON/TV of Chicago v. Julien, (1985, CA 7 III) 763 F.2d 839. The piracy statutes provide both criminal and civil penalties to persons in violation of their provisions. Further, a private right of action, such as the one in the instant matter, exists under the piracy statutes. Ciminelli v. Cablevision, (1984, E.D.N.Y.) 583 F. Supp. 158.

Liability under the piracy statutes requires only that the defendant has (1) intercepted or aided interception of, and (2) divulged or published, or aided divulging or publishing of, communication transmitted by plaintiff. California Satellite Systems v. Seimon, (1985, CA9 Cal) 767 F.2d 1364, 11 Media L R 2488. With regard to the instant matter, the piracy statutes provide for the recovery of statutory damages. The piracy statutes further provide for the recovery of costs and reasonable attorney's fees to a prevailing plaintiff. International Cablevision, Inc. v. Sykes, (1993, CA2 NY) 997 F.2d 998.

Defendant(s) did not purchase the lawful right to intercept and exhibit the event within their commercial establishment. Plaintiff 's  Auditor was present in the establishment on the evening of Jule 8, 2002 and  personally  witnessed the event being exhibited in Defendants' commercial establishment.  The fact that the event was witnessed by the Auditor being shown in

-4-

Defendants' commercial establishment demonstrates that it was a *de facto* illegal showing. Copies of the Auditor's Affidavit is annexed hereto as Exhibit "B" and a copy of the list of establishments in the District of Columbia that contracted to exhibit the event is annexed hereto as Exhibit "C."

Defendants' actions in purposely defrauding Plaintiff were affirmative and could only have been accomplished by overt acts done specifically to avoid paying the legal subscription rate for a commercial establishment. Defendants' overt acts included one or more of the following four scenarios: use of illegal deciphering chip (descrambler) in a satellite receiver; possession of a pirate cable box commonly known as a "black box"; registering their commercial establishment as a residential account instead of a commercial account; or ordering the event for a residence and moving the authorized residential box to the commercial location.

It is well settled that vicarious liability, such as that sought herein, turns on whether there is the right and ability to supervise the activities and whether there is a direct financial stake in the infringing activities. Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F. 2d 1159 (2d Cir. 1971), citing Shapiro, Bernstein & Co. v. H. L. Green Company, 316 F. 2d 304, 307 (2nd Cir. 1963).

In fact, *actual* supervision is not required; all that is necessary is that "the individual defendant have the right and ability" to supervise the offensive activity. Warner Brothers, Inc., v. Lobster Pot, Inc., 582 F. Supp. 478, 483 (N. D. Ohio 1984).

Based upon Defendant Abdul-Khalek's position of authority in his own establishment, there can be no doubt that he had both the right and ability to supervise activities such as the exhibition of the Lewis/Tyson event on June 8, 2002, as well as a direct financial stake in its

exhibition.  As noted earlier, *actual* supervision of the exhibition of the event is not needed for liability to attach.

In <u>Fonovisa, Inc., v. Cherry Auction, Inc.</u>, 76 F. 3d 259 (9th Cir. 1996), Plaintiff sued Defendants for violating Plaintiff's property rights by unlawfully duplicating and selling Plaintiff's copyrighted recordings in  violation of 17 U.S.C. §101 et seq. (the "Copyright Act"). One of the named Defendants sought and received summary judgment in the District Court on the grounds that the landlord of the swap meet at which the sales took place could not be held vicariously liable for the infringing acts of its tenants.  In reversing the District Court's grant of summary judgment, the Court of Appeals specifically held that a landlord can, in fact, be held liable for the wrongful acts of its tenants, citing <u>Hard Rock Cafe Licensing Corp., v. Concession Services, Inc</u>., 955 F. 2d 1143 (7th Cir. 1992).

Even when one who is in control over the premises has no knowledge of the infringing activities, vicarious liability may attach if he is in a position to police the activities of the primary infringer. <u>Shapiro, Bernstein & Co.</u>, *supra,* at 307-308.   As with the landlord in <u>Fonovisa</u>, *supra*, Defendants, as officers of this corporation, had the ability to control the infringer and the infringing activities.  Clearly, the alleged violation of  47 U.S.C. § 553 and § 605 is so similar in nature and objective to 17 U.S.C. §101, *et seq*.  (the "Copyright Act"), that it is respectfully requested that Defendants be held to answer for the pirating of Plaintiff's signal by its tenants, licensees, agents, patrons and/or employees.

**4.	A brief summary by Plaintiff of the nature of claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses**

**previously asserted which are not to be tried.**

Whether the Defendants were authorized to exhibit the **June 8, 2002 Lewis/Tyson** , Program.

Whether the Defendants exhibited the **June 8, 2002 Lewis/Tyson**, Program, in the commercial establishment located at 1426 L St NW Washington, DC 20005-3503, and if so, the amount of statutory damages that Plaintiff should be awarded.

Whether the exhibition of the **June 8, 2002 Lewis/Tyson**, Program was wilful and for purposes of direct or indirect commercial advantage or private financial gain, and, if so, the amount of enhanced statutory damages that Plaintiff should be awarded.

**5.    A statement by Plaintiff as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

The Plaintiff hereto respectfully submit that non-jury trial is expected to last one (1) day.

**6.    A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

The parties have consented to trial of this case by a magistrate judge.

**7.    Any stipulations or agreed statements of fact or law which have been agreed to by all parties.**

On **June 8, 2002**, Defendant's business establishment was open for business.

On **June 8, 2002** Defendant's establishment was a commercial establishment that had a television with the capability of receiving satellite and/ or cable service.

On **June 8, 2002**, Defendant Raheb Abdul-Khalek was an officer, director, shareholder and/or principal of A. K Foods, Inc., d/b/a Ollie's Trolley Restaurant a/k/a Ollie's and Click's

a/k/a Clicks.

On **June 8, 2002**, Defendant received a financial benefit from the operations of the Defendant establishment.

**8.     A statement by as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.**

As to Plaintiff:

Plaintiff expects to call the following witnesses in person at trial:

Ragheb A. Khalek
4010 Foreston Road
Beltsville, MD 20705-2810

A representative of the Plaintiff

Rasheed Moss ( Auditor )
8604 2nd Ave #143
Silver Spring, MD 20910-3326

**9.     A list of exhibits to be offered in its case in chief:**

As to Plaintiff:

Plaintiff expects to present the following exhibits:

a.      Affidavit of auditor, Rasheed Moss.

b.      Photographs of Defendant commercial establishment.

c.      List of locations in the District of Columbia which legally purchased the exhibition rights for the  **June 8, 2002 Lewis/Tyson** , Program.

d.      Licensing agreement.

-8-

Dated: July 17, 2006

 /s/ Julie Cohen Lonstein
Julie Cohen Lonstein, Esq.
Bar Roll No.  JL8521
Lonstein Law Office, P.C.
Attorneys for Plaintiff
1 Terrace Hill; P.O. Box 351
Ellenville, NY  12428
Telephone: 845-647-8500
Facsimile:  845-647-6277


/s/ Herbert A. Rosenthal
Herbert A. Rosenthal, Esq.
Local Counsel for Plaintiff
1020-19th Street, NW, #400
Washington, DC 20036-6101
Facsimile: 202-659-3526
Telephone: 202-785-9773

## CERTIFICATE OF SERVICE


I do hereby certify that, on July 17, 2006 , the forgoing document was duly served by regular
mail, postage prepaid on the following:


Ellis J. Koch, Esq.
The Law Offices of Ellis J. Koch
5904 Hubbard Drive
Rockville, MD 20852


                                        /s/Julie Cohen Lonstein
                                         Julie Cohen Lonstein